**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROBERT MARSHALL                                                                                      PLAINTIFF
ADC #70872

V.                                        NO: 5:12CV00392 DPM/HDY

RAY HOBBS *et al.*                                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

    proof, and a copy, or the original, of any documentary or
    other non-testimonial evidence desired to be introduced at
    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

  Plaintiff Robert Marshall, an Arkansas Department of Correction inmate, filed a *pro se* complaint on October 15, 2012, asserting that he was wrongly charged with a disciplinary violation, and that the false charge, and his conviction, were racially motivated. On November 26, 2012, the Court entered an order noting that Plaintiff's complaint was too vague to determine if he stated a claim for relief against each Defendant, and ordering him to file an amended complaint setting forth a brief statement of how each Defendant was involved in the alleged violation of his rights, what sanction he received as a result of his disciplinary conviction, and what damages he sustained. More than 30 days have passed and Plaintiff has not filed the amended complaint as ordered.[1] In the absence of the amended complaint, the Court will consider Plaintiff's original complaint.

### **I. Screening**

  Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

---

[1] Plaintiff has moved for the removal of the undersigned from the case, and a change of venue.

2

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was falsely charged with a disciplinary violation because of his refusal to "play the games" orchestrated by guards. Although the complaint is not entirely clear, it appears that the disciplinary charge was made in connection with a fight between Plaintiff and another inmate. Plaintiff alleges that, as a result of the disciplinary action, he lost his class status and good time. Because nothing described in Plaintiff's complaint rises to the level of a constitutional violation, his complaint should be dismissed.

To the extent that Plaintiff is alleging that he was falsely charged with a disciplinary infraction, such a claim is not a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452

(8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)).  Likewise, the alleged threats to "get" him, and the use of derogatory names, although unprofessional, is not cognizable under 42 U.S.C. § 1983.  *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)(threat and racial slur); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985)(threats).  Finally, Plaintiff has no constitutionally protected interest in a particular classification status.  *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).[2]  Plaintiff's other vague claims do not contain sufficient factual allegations to state a claim that is anything more than speculative.  Accordingly, Plaintiff's complaint should be dismissed.  In light of this recommendation, all pending motions should be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

---

[2] Even if Plaintiff had stated a claim for relief, dismissal would likely be required, because of the good time loss.  *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding an inmates's due process claim for declaratory relief and money damages regarding disciplinary citation resulting in good time loss is not cognizable under § 1983 as it would necessarily imply the invalidity of the disciplinary conviction under *Heck*).

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

3. All pending motions be DENIED.

DATED this  7  day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE